UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIRANDA L. DAY, for herself
and all persons similarly situated,

    Plaintiff,

vs.

PERSELS & ASSOCIATES, LLC, *et al.*

    Defendants.
_____/

Case No.: 8:10-cv-02463-VMC-TGW

JURY TRIAL DEMANDED

CLASS ACTION

**MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT
FREEDOM POINT N/K/A CAREONE SERVICES, INC.
TO ALTER OR AMEND JUDGMENT DATED MAY 9, 2011**

Defendant Freedom Point n/k/a CareOne Services, Inc. ("CareOne") submits this memorandum in support of its motion to alter or amend that portion of the Court's Order dated May 9, 2011 ("May 9 Order"), denying CareOne's motion to compel arbitration with respect to those of Plaintiff's claims against CareOne that are based on the Retainer Agreement. *See* Document 82 at p. 21. As set forth more fully below, the arbitration provision in the Client Agreement, which mandates arbitration of all claims arising from or relating to CareOne's services or Plaintiff's relationship with CareOne, encompasses all claims against CareOne, including those based on the Retainer Agreement. Accordingly, the May 9 Order should be amended to compel arbitration of all of Plaintiff's claims against defendant CareOne.

**BACKGROUND**

On November 12, 2007, Plaintiff entered into a Client Agreement with CareOne. The

Client Agreement contains a broad arbitration provision which states, in pertinent part:

> If you [CareOne] or I [Miranda Day] elect, any claim or dispute between you and me (or any parent, subsidiary, affiliate, successor or assignee, officer, director, employee, agent or representative of you or me) <u>arising from or relating to</u> this agreement, <u>our relationship or your services</u> ("Claim") must be resolved by binding arbitration in accordance with this arbitration agreement and the Commercial Dispute Resolution Procedures and Supplementary Procedures for Consumer-Related Disputes of the American Arbitration Association ("AAA"). (<u>This includes all kinds of Claims, such as</u> Claims relating to this arbitration agreement and the remainder of the agreement; <u>Claims relating to your advertising or promotional materials</u>; initial claims, counterclaims, cross-claims and third-party claims; and <u>Claims based upon contract, tort, fraud, misrepresentation and other intentional torts, constitution, statute, ordinance, regulation, common law and equity</u>). You won't elect to arbitrate an individual Claim I bring in small claims court unless the Claim is transferred or appealed to a different court.

Client Agreement, Document 25-1, at p. 7 (emphasis added). The Client Agreement also provides that the arbitration provision survives termination of the Agreement:

> The Arbitration Agreement and No Liability paragraphs of this agreement continue to apply after this agreement ends.

*Id.* at p. 8. Thus, the Client Agreement contemplated that disputes could arise based on conduct occurring after termination of the Client Agreement and that such disputes would be resolved by binding arbitration.

On or about December 14, 2007, Plaintiff entered into a Retainer Agreement with Ruther & Associates, LLC ("Ruther & Associates"). *See* Document 1-1. CareOne is not a signatory or party to the Retainer Agreement.[1] *Id. See also* Complaint, ¶ 48 (Document 1 at

---

[1] The only reference to CareOne is in Section 1 of the Retainer Agreement, which states, in pertinent part: "'We' or 'Us' means RUTHER & ASSOCIATES, LLC and its

2

p. 12) ("The Retainer Agreement was signed by Neil J. Ruther and Jimmy Persels."). The Retainer Agreement, unlike the Client Agreement, does not contain an arbitration provision.

In the May 9 Order, this Court granted CareOne's motion to compel arbitration and stay action, in part:

> The defendants have requested a stay under 9 U.S.C. § 3, which provides for a stay "upon any issue referable to arbitration under an agreement" upon the court being satisfied that the issue is referable to arbitration. Accordingly, since I am satisfied that arbitration is warranted, the request will be granted as to defendants Ascend One Corporation, 3C Incorporated, and Bernaldo Dancel.
>
> The issue is not entirely clear with respect to CareOne. That defendant is sued based under two agreements: the Client Agreement and the Retainer Agreement. The former had an arbitration provision and the latter did not. Therefore, absent some additional showing, the stay as to CareOne will only be with respect to discovery and proceedings involving the Client Agreement.

May 9 Order, Document 82 at p. 21. However, there is no basis for distinguishing between claims based on the Client Agreement and claims based on the Retainer Agreement. <u>All</u> of Plaintiff's claims against CareOne arise from or relate to CareOne's services and/or Plaintiff's relationship with CareOne. Therefore, under the plain language of the arbitration provision, <u>all</u> of Plaintiff's claims are subject to arbitration.

## ARGUMENT

The Court's May 9 Order is a "judgment" subject to alteration or amendment under Fed. R. Civ. P. 59(e). *See Marie v. Allied Home Mortgage Corp.*, 402 F.3d 1, 7 (1st Cir. 2005) (order denying motion to stay pending arbitration was a judgment subject to a motion

---

administrative staff at CareOne Services, Inc." Document 1-1 at p. 1. Not having signed the Retainer Agreement, however, this language does not make CareOne a party to the Retainer Agreement.

to alter or amend under Fed. R. Civ. P. 59(e)). Under the Federal Arbitration Act, an appeal may be taken from an interlocutory order of the district court "refusing a stay of any action" pending arbitration or "denying a petition . . . to order arbitration to proceed." 9 U.S.C. §§ 16(a)(1), (b). For purposes of the Federal Rules of Civil Procedure, the Court's May 9 Order denying, in part, CareOne's motion to compel arbitration is a "judgment" because it is an "order from which an appeal lies" under Fed. R. Civ. P. 54(a). *Marie*, 402 F.3d at 7 (citations omitted) Alternatively, CareOne has moved to correct the May 9 Order for legal error under Fed. R. Civ. P. 60(b)(1). *See Compton v. Alton S.S. Co.*, 608 F.2d 96, 104 (4th Cir. 1969) (Rule 60(b) provides relief from legal error when mistake is clear on record).

**ALL OF PLAINTIFF'S CLAIMS AGAINST CAREONE ARISE FROM OR RELATE TO CAREONE'S SERVICES AND/OR PLAINTIFF'S RELATIONSHIP WITH CAREONE AND THEREFORE ARE SUBJECT TO THE ARBITRATION PROVISION IN THE CLIENT AGREEMENT.**

The Client Agreement provides that the parties will arbitrate all disputes "arising from or relating to" the Client Agreement, the relationship between CareOne and Plaintiff, or CareOne's services. "This includes all kinds of Claims such as . . . Claims relating to [CareOne's] advertising or promotional materials . . . [and] Claims based upon contract, tort, fraud, misrepresentation and other intentional torts, constitution, statute, ordinance, regulation, common law and equity." Document 25-1 at p. 7. The agreement to arbitrate is not limited to the parties' relationship <u>under the Client Agreement</u> or CareOne's services <u>under the Client Agreement</u>. To the contrary, it applies to "all kinds of Claims. . . ." *Id.*

In her Complaint, Plaintiff has asserted claims against CareOne for alleged violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and federal Credit Repair Organization Act ("CROA"), unjust enrichment, legal malpractice, breach of

fiduciary duty, and negligence. All of Plaintiff's claims necessarily arise from or relate to CareOne's services and/or Plaintiff's relationship with CareOne. The gist of Plaintiff's claims is that CareOne lured her and other financially vulnerable consumers to enter into contracts with CareOne and Ruther & Associates through deceptive advertising (Complaint at ¶¶ 34-36, 72, 115) and failed to provide any services or assistance to Plaintiff, such as negotiating with her creditors or helping her to defend against lawsuits, despite promising to do (*id.* at ¶¶ 53-54, 56, 61, 66-68, 74-76, 116-18) and charging her fees (*id.* at ¶¶ 51, 69, 81, 84-87).

Because <u>all</u> of Plaintiff's claims against CareOne arise from or relate to CareOne's services and/or Plaintiff's relationship with CareOne, all of them are encompassed by and subject to the arbitration provision in the Client Agreement.

## **CONCLUSION**

For the foregoing reasons, CareOne respectfully asks the Court to alter or amend the May 9 Order to provide that CareOne's motion to compel arbitration and stay the action is granted with respect to <u>all</u> of Plaintiff's claims.

Respectfully submitted,

| | |
|---|---|
| /s/ Lawrence S. Greenwald<br>LAWRENCE S. GREENWALD<br>Maryland Bar No. 00312<br>lgreenwald@gfrlaw.com<br>BRIAN L. MOFFET<br>Maryland Bar No. 13821<br>bmoffet@gfrlaw.com<br>CATHERINE A BLEDSOE<br>Maryland Bar No. 11376<br>cbledsoe@gfrlaw.com<br>Gordon, Feinblatt, Rothman,<br>Hoffberger & Hollander, LLC<br>233 East Redwood Street<br>Baltimore, MD 21202<br>Phone: 410-576-4264<br>Fax: 410-576-4246<br>Attorneys for Defendants Ascend One, 3C Incorporated, CareOne and Bernaldo Dancel<br>Admitted Pro Hac Vice | /s/ Matthew A. Leish<br>MATTHEW A. LEISH<br>Florida Bar No. 054041<br>mleish@carltonfields.com<br>D. MATTHEW ALLEN<br>mallen@carltonfields.com<br>Florida Bar No. 866326<br>Carlton Fields<br>4221 W. Boy Scout Boulevard<br>Suite 1000<br>Tampa, Florida 33607-5780<br>Phone: 813-229-4304<br>Fax: 813-229-4133<br>Attorneys for Defendants Ascend One Corporation, 3C Incorporated, Freedom Point Corporation n/k/a CareOne Services, Inc. and Bernaldo Dancel |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 1, 2011, I electronically filed the foregoing using the CM/ECF system which will send an electronic notice of service to:

**Herbert Roy Donica**
Donica Law Firm, PA
Suite 250
106 S Tampania Ave
Tampa, FL 33609-3256
Email: herb@donicalaw.com

**Thomas A. Lash**
Lash & Wilcox, PL
4006 S MacDill Ave
Tampa, FL 33611
Email: tlash@lashandwilcox.com

**Katherine Earle Yanes**
Kynes, Markman & Felman, PA
100 S Ashley Dr - Ste 1300
PO Box 3396
Tampa, FL 33601-3396
Email: KYanes@kmf-law.com

**David Thomas Knight**
Hill Ward Henderson, PA
101 E Kennedy Blvd - Ste 3700
PO Box 2231
Tampa, FL 33601-2231
Email: dknight@hwhlaw.com

/s/ Matthew A. Leish
Attorney

1791786v2

7